IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GERALDO ANTONIO PLANELLS-GUERRA,<br><br>Defendant. | ORDER TO BRIEF<br><br><br><br>Case No. 2:06-cr-00617 |

This matter is before the court on the defendant's motion to reconsider the denial of his motion to suppress.  During the hearing on the motion to suppress, on December 19, 2006, the court advised the government no response to any motion to reconsider was necessary absent further order from the court  The court now believes that a response is necessary.

The defendant has argued that the good-faith exception to the exclusionary rule recognized in *United States v. Leon*[1] does not apply to this case because the police acted without a warrant.  The court would, therefore, like the government to brief the question of whether the *Leon* good-faith exception to the exclusionary rule extends to warrantless searches.

---

[1] 468 U.S. 897 (1984).

The Fifth Circuit has apparently recognized such an exception.[2]  But Tenth Circuit law on the subject is not so clear.  In *United States v. Herrera*,[3] the Circuit explained that the good-faith exception is "ordinarily limited to situations when the police officer reasonably relied upon the judgment of a neutral third party."[4]  But this formulation leaves open the possibility both that a good-faith exception could apply in non-warrant situations and that in a "non-ordinary" case, a good-faith exception could apply.

Further complicating the matter is that *Herrera* pre-dates the Supreme Court's recent decision in *Hudson v. Michigan*.[5]  In that case, citing *Leon*, the Court held that "the exclusionary rule has never been applied except where its deterrence benefits outweigh its substantial social costs."[6]  This broad language, along with other significant language in the Court's opinion, suggests that "the massive remedy of suppressing evidence of guilt is unjustified" except in narrow situations.[7]

In this matter, this court previously ruled that the officers did not violate the Fourth Amendment.  So that any reviewing court could have the benefit of a full record, however, the court also ruled that if the officers made a mistake (as argued by the defendants) any mistake would be protected from exclusionary remedy by virtue of the good-faith exception to the

---

[2] *See, e.g., United States v. Ramirez-Lujan*, 976 F.2d 930, 933–34 (5th Cir. 1992).

[3] 444 F.3d 1238 (10th Cir. 2006).

[4] *Id.* at 1249.

[5] 126 S. Ct. 2159 (2006).

[6] *Id.* at 2165 (internal quotations omitted).

[7] *Id.* at 2168.

exclusionary rule. In light of the defendant's recent brief, the court believes further briefing on that good faith issue is appropriate. (No further briefing on the substantive Fourth Amendment issues is required.)

Accordingly, the court would like the government to brief the questions of (a) whether the *Leon* good-faith exception applies to situations where police officers act without warrants and make objectively reasonable mistakes in effecting arrests or searches, and (b) if so, whether the exception would apply to the facts of this case assuming, *arguendo*, that the police officers did make such a mistake. The court trusts that the U.S. Attorney's Office will coordinate its position on this important and far-reaching issue with the appropriate Department attorneys in Washington, D.C. To permit time for a thorough pleading on this issue be filed, the Department's brief is due February 16, 2007. Any reply from the defendant is due March 2, 2007.

Consequently, the hearing for the status/change of plea in this matter is postponed until March 26, 2007, at 2:00 p.m.

DATED this 19th day of January, 2007.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge